UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GRAND ISLE SHIPYARDS, INC.** | * | **CIVIL CTION:** |
| | * | |
| **VERSUS** | * | **JUDGE** |
| | * | |
| **BLACK ELK ENERGY, LLC.,** | * | **MAGISTRATE** |
| **ENVIRO TECH SYSTEMS, LLC** | * | |
| **WOOD GROUP USA, INC., COMPASS** | * | |
| **ENGINEERING AND CONSULTANTS,** | * | |
| **LLC.** | * | |
| | * | |
| **Related Cases: 13-0366 & 13-0550** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF**

     **NOW INTO COURT,** through undersigned counsel, comes Grand Isle Shipyards, Inc. ("GIS") and for its Complaint for Damages and Declaratory Relief avers upon information and believe as follows:

**I.**

     At all material times herein, GIS was and is a corporation organized and the laws of the State of Louisiana, authorized to do and doing business within the jurisdiction of this Honorable Court.

**II.**

     At all material times herein, Black Elk was and is a limited liability company organized and existing under the laws of Texas and doing business within this state.

**III.**

     At all material times herein Enviro Tech was and is a Louisiana limited liability company doing business within the jurisdiction of this Honorable Court.

**IV.**

At all material times herein Wood Group was and is a foreign corporation doing business within the jurisdiction of this Honorable Court.

**V.**

At all material times herein, Compass Engineering was and is a Louisiana limited liability company authorized to do and doing business within the jurisdiction of this Honorable Court.

**VI.**

Jurisdiction is proper in this Court pursuant to this Court's Federal Question Jurisdiction, 28 U.S.C.§1331, and the Outer Continental Shelf Lands Act, 43 U.S.C. 1331 *et seq.,* and the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

**VII.**

On or about November 16, 2012, GIS was working as directed by Black Elk and/or its agents, contractors, or representatives on a production platform in the Gulf of Mexico located in West Delta Block 32, a location on the Outer Continental Shelf.

**VIII.**

At all material times herein, employees of the Wood Group and/or Compass Engineering acted as Black Elk's company man, agent, representative, or designee in connection with overseeing GIS's work and were responsible for overall safety on the platform.

**IX.**

At all material times herein, employees of Enviro Tech were performing work on the platform in other areas of the platform at the same time as GIS.

**FIRST CAUSE OF ACTION**

**DAMAGES**

**X.**

On or about November 16, 2012, an explosion and fire occurred on the platform resulting in injuries to GIS employees and damage and loss to GIS equipment and property and/or property GIS rented and for which it is responsible.

**XI.**

GIS contends that the cause of the explosion and fire was the combined negligence, fault, and/or strict liability of Black Elk, Wood Group, Compass Engineering and Enviro Tech.

**XII.**

As a result of the explosion and fire caused by the combined negligence, fault, and/or strict liability of Black Elk, Wood Group, Compass Engineering, and Enviro Tech, GIS has incurred, and may continue to incur in the future, damages and expenses in the form of indemnity and medical benefits paid to or on behalf of its employees and damages in the form of damaged or lost property and equipment.

**XIII.**

GIS is entitled to recover all of its damages, expenses, and losses from Black Elk, Wood Group, Compass Engineering and/or Enviro Tech.

**XIV.**

GIS prays for trial by jury.

## SECOND CAUSE OF ACTION

## CLAIM FOR UNPAID INVOICES

### XV.

GIS reasserts and reavers the entirety of Paragraphs I through IV as if copied herein *in extenso.*

### XVI.

At all material times herein, GIS was working pursuant to a Master Service Agreement entered into between GIS and Black Elk on or about December 30, 2008, which Master Service Agreement governed the relationship of the parties.

### XVII.

At all material times herein, GIS was working as directed by Black Elk, its company man, agent representative or designee on production platform in the Gulf of Mexico located in West Delta Block 32, a location on the Outer Continental Shelf.

### XVIII.

GIS has submitted invoices to Black Elk for the work it performed on the platform in West Delta Block 32 and complied with all its contractual obligations in connection therewith.

### XIX.

Black Elk to date has not paid GIS's invoice and GIS is owed $223,334.82 in connection with those invoices.

### XX.

According to Louisiana law on open accounts, La.R.S. 9:2781, GIS is entitled to recover attorney's fees and costs in connection with Black Elk's failure to pay GIS's invoices.

## THIRD CAUSE OF ACTION

## DECLARATORY RELIEF

### XXI.

GIS reasserts and reavers the entirety of Paragraphs I through XIII as if copied herein *in extenso.*

### XXII.

GIS brings its claim for declaratory relief against Black Elk pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201.

### XXIII.

At all materials times herein, GIS was working pursuant to a Master Service Agreement entered into between GIS and Black Elk on or about December 30, 2008, which Master Service Agreement governed the relationship of the parties.

### XXIV.

The Master Service Agreement, *inter alia*, requires GIS to assume various defense, indemnity and insurance procurement obligations.

### XXV.

Pursuant to 28 U.S.C. §2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, GIS seeks a judgment declaring that the Master Service Agreement was executed and performed within the State of Louisiana, by a Louisiana contractor, and performed at a location on the Outer Continental Shelf adjacent to the the State of Louisiana, and that the State of Louisiana has a requisite interest in this litigation, such that the laws of the State of Louisiana should govern any dispute between GIS and Black Elk arising under the Master Service Agreement.

## XXVI.

Louisiana Revised Statute §9:2780, the Louisiana Oilfield Anti-Indemnity Act, declares null and void and against public policy, "any provision in any agreement which requires defense and/or indemnification, for death or bodily injury to persons, where there is negligence or fault (strict liability) on the part of the indemnitee, or an agent or employee of the indemnitee, or an independent contractor who is directly responsible to the indemnitee."

## XXVII.

Under Louisiana law and pursuant to the Louisiana Oilfield Anti-Indemnity Act, the indemnity and defense provisions under the Master Service Agreement are prohibited insomuch as they require defense and indemnity for activities pertaining to well for oil, gas, or water, or drilling for minerals which occur as solid, liquid, gaseous, or other state.

## XXVIII.

Under Louisiana law, and pursuant to the Louisiana Oilfield Anti-Indemnity Act, the provisions of the Master Service Agreement requiring additional insured status in favor of Black Elk are prohibited. The Louisiana Oilfield Anti-Indemnity Act prohibits additional insured endorsements naming as additional insureds the parties seeking indemnity. "Any provision in any agreement arising out of the operations, services, or activities listed in Sub-section C of this Section of the Louisiana Revised Statutes of 1950 which requires waivers of subrogation, additional named insured endorsements, or any other form of insurance protection which would frustrate or circumvent the prohibitions of this Section, shall be null and void and of no force and effect.

**XXIX.**

Pursuant to 28 U.S.C. §2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure, GIS seeks a judgment declaring that the Louisiana Oilfield Anti-Indemnity Act voids the contractual defense and indemnity and additional insured provisions in the Master Service Agreement prohibiting Black Elk from seeking defense and indemnity and additional insured status.

**WHEREFORE**, plaintiff, Grand Isle Shipyards, Inc. prays that its Complaint be deemed good and sufficient and after due proceedings had, there be judgment herein in its favor awarding it damages against Black Elk, Wood Group, Compass Engineering, and/or Enviro Tech, for the loses, expenses, and damages it incurred as a result of the November 16, 2012 fire and explosion aboard the Black Elk platform; for judgment in favor of GIS and against Black Elk in connection with unpaid invoices and for attorney's fees and costs pursuant to Louisiana law; and, for a judgment declaring that the laws of the State of Louisiana apply to the Master Service Agreement between GIS and Black Elk; that the Louisiana Oilfield Anti-Indemnity Act voids all contractual defense indemnity and additional insured provisions in the Master Service Agreement at issue; and for all other relief as GIS may be entitled and this Court competent to grant. GIS prays for trial by jury as applicable on all causes of action.

Respectfully Submitted:

**REICH, ALBUM & PLUNKETT, LLC**


 */s/ Robert S. Reich*
**ROBERT S. REICH, T.A. (#11163)**
**LAWRENCE R. PLUNKETT (#19739)**
**CHRISTY L. JOHNSON (#32877)**
Two Lakeway Center, Suite 1000
3850 North Causeway Boulevard
Metairie, LA 70002
Phone:(504)830-3999/Fax:(504)830-3950
Email: rreich@rapllclaw.com
**Attorney for Grand Isle Shipyards, Inc.**